RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE   3 / 15 / 06
BY    Dm

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

BAYOU SHOPPING CENTER, LTD.

versus

THE KROGER COMPANY

CIVIL ACTION NO. 03-1727
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by third party defendant, SCA Consulting Engineers, Inc. ("SCA"). See Record Document 76. For the following reasons, SCA's motion is **GRANTED**.

## I. BACKGROUND

Beginning on or about September 23, 2002, compaction grouting work began to be performed on behalf of The Kroger Company ("Kroger") at its location in the Bayou Walk Shopping Center in Shreveport. Bayou Shopping Center, Ltd. ("BSC") contends that this repair work was done in a negligent manner, causing the concrete slabs in the BSC property to crack and shift, as well as causing damages to tenant

improvements and other BSC property.[1] BSC filed suit against Kroger, alleging negligence on the part of Kroger, as well as the violation of Article 677 of the Louisiana Civil Code.[2] Kroger then filed a supplemental third-party demand naming seven third-party defendants, including SCA, wherein Kroger alleged that SCA "provided engineering services on behalf of the architect" and Kroger. Record Document 27 at 2. Kroger further asserted that the "design and contract documents provided by [SCA] are ambiguous with regard to the design and construction of the foundation and depth of case piles." Id. Kroger sought a court order for "full indemnity, court costs, attorney's fees, penalties and interest." Id.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

[1] BSC claims more extensive and detailed damages than those listed above, however a discussion of those claims is not pertinent to the resolution of this motion for summary judgment.

[2] Louisiana Civil Code Article 667 prohibits a neighbor from performing work on his property which results in a deprivation of his neighbor's right to enjoy his own property or in damage to the neighbor.

any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004)(citations and quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

**B.    Kroger's Failure To Respond To SCA's Motion For Summary Judgment.**

SCA served on Kroger a copy of its motion for summary judgment on January 17, 2006. To date, Kroger has not responded. Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits,

memorandum, and such supporting documents as are then available, within 15 days of service of the motion." Clearly, Kroger failed to oppose the motion for summary judgment within the required fifteen day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). As discussed below, the court finds it appropriate to enter summary judgment against Kroger.

### C. No Legal Grounds For Recovery.

SCA contends that the court should dismiss Kroger's third party claim against it, arguing that the "relevant facts and law plainly indicate that Kroger possesses no rights of either indemnity or contribution against SCA on the damages sought to be recovered from Kroger in the principal demand." Record Document 76 at 1. The court agrees.

SCA has submitted the affidavit of Brad Crane, one of the owners of SCA, and the contract between SCA and Chambliss Design Associates ("Chambliss") to

prove that no contract existed between Kroger and SCA, but instead, that SCA had contracted only with the project architect, Chambliss. See Record Document 76 at Ex. C. Thus, it is clear that no contractual indemnity exists between Kroger and SCA. Having demonstrated the absence of a genuine issue of material fact, the burden was on Kroger to "designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Kroger failed to do so. Furthermore, assuming that Kroger was somehow attempting to assert a claim against SCA under the concept of contribution among tortfeasors, this notion has been abolished in Louisiana through the 1996 amendments to Louisiana Civil Code articles 2323 and 2324(B). See Dumas v. State of La., 2002-0563 (La. 10/15/2002), 828 So.2d 530. Accordingly, SCA's motion for summary judgment is **GRANTED**, and all claims by Kroger against SCA are **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 14th day of March, 2006.

JUDGE TOM STAGG